**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 07-CR-40005-MJR |
| ) | |
| **CARLOS T. FOULKS,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On July 27, 2007, Defendant Foulks was sentenced to 120 months imprisonment, six years supervised release, a fine of $750, and a special assessment of $400 (Doc. 46). The Court determined Foulks lacked the ability to pay interest, and waived the interest requirement (Doc. 46). The Court also included special instructions regarding payment of the fine and special assessment:

> Payments are due immediately, through the Clerk of the Court, but may be paid from prison earnings in compliance with the Inmate Financial Responsibility Program. Any financial penalties that remain at the commencement of the term of supervised release shall be paid at the rate of $10 per month, or 10% of defendant's monthly net earnings, whichever is greater. While incarcerated, the defendant shall make monthly payments consisting of one-half of the amount of monthly deposits into the defendant's inmate trust account; however, if the account balance is less than $20, no payment shall be required.

**Doc. 46, p. 6.**

On June 1, 2009, Foulks filed a motion "to correct or modify or otherwise adjust the repayment of fine" (Doc. 54). Foulks states that his family recently stopped providing him with financial support as a result of the present economic recession. Based upon this loss of family support, Foulks claims that his financial circumstances have changed to such an extent that the Court

should adjust his payment plan or vacate his fine.

**18 U.S.C. § 3572(d)(3)** permits the Court to adjust a payment schedule in response to "any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine." However, the discontinuation of financial support by Foulks's family does not constitute a "material change" under § 3572(d)(3). In fact, the Court's assessment of Foulks's financial situation at the time of sentencing did not include any expectation that he would receive outside financial assistance while incarcerated. The payment provisions in the judgment are predicated on Foulks's own ability to pay the fine—not the ability of his family to pay the fine on his behalf.

Additionally, though payments are due immediately, the judgment expressly contemplates that payments will likely continue through Foulks's supervised release and beyond. The Court also notes that its limitations on payments taken out of Foulks's trust account sufficiently address his current difficulties in paying the fine.

The Court hereby **FINDS** that Foulks's has not identified any material change in his economic circumstances that would warrant any alteration to his payment schedule. Accordingly, the Court **DENIES** Foulks's motion to amend the fine (Doc. 54).

**IT IS SO ORDERED.**

**DATED this 24th day of June 2009.**

        **s/ Michael J. Reagan**
        **MICHAEL J. REAGAN**
        **United States District Judge**